UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO NAVARRO,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 22cv1105-LL-AGS<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD**<br><br>**[ECF No. 13]** |

　　　This matter is before the Court on the Motion to Withdraw as Attorney of Record filed by Lawyers for Employee & Consumer Rights and attorney Elan Osterman, a.k.a. Lonny Osterman, counsel of record for Plaintiff Arturo Navarro (collectively, "Counsel"). ECF No. 13. Counsel requests leave to withdraw because Plaintiff's "repeated and ongoing failure to communicate with counsel," which has "rendered it unreasonably difficult for counsel to carry out his representation effectively." ECF No. 13-1 at 2. The Motion was filed on December 2, 2022 [ECF No. 13], and no opposition has been filed. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. For the reasons explained below, the Court **GRANTS** the Motion to Withdraw as Attorney of Record for Plaintiff Arturo Navarro.

## I.  LEGAL STANDARD

An attorney may not withdraw as counsel except by leave of Court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *see also* Cal. R. Prof. Conduct 1.16(c). Withdrawals are governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008). More specifically, Rule 1.16 pertains to declining or terminating representation of a client. Withdrawals covered by subsection (a) of Rule 1.16 are mandatory. Cal. R. Prof. Conduct 1.16(a) ("Except as stated in paragraph (c), a lawyer shall not represent a client or, . . . shall withdraw"). Withdrawals covered by subsection (b) are permissive. *Id.* at 1.16(b) ("Except as stated in paragraph (c), a lawyer may withdraw from representing a client. . .").

Before withdrawal is permitted, an attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel[.]" Cal. R. Prof. Conduct 1.16(d).[1] Furthermore, the Local Civil Rules of this district require that "(a) A motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client" and that "(b) A declaration pertaining to such service must be filed. Failure to make [sic] serve as required by this section or to file the required declaration of service will result in a denial of the motion." S.D. Cal. CivLR 83.3(f)(3).

## II.  DISCUSSION

Counsel seeks withdrawal under Rule 3-700(1)(d), which was superseded by Rule 1.16(b)(4) on November 1, 2018. *See* Cross-Reference Chart,[2] Cal. R. Prof. Conduct. That rule states that a lawyer may withdraw from representing a client if "the client by other

---

[1] "Reasonable" or "reasonably" when used in relation to conduct by a lawyer means the conduct of a reasonably prudent and competent lawyer. Cal. R. Prof. Code. 1.0.1(h).

[2] https://www.calbar.ca.gov/Portals/0/documents/rules/Cross-Reference-Chart-Rules-of-Professional-Conduct.pdf (2021).

conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively[.]" Cal. R. Prof. Conduct 1.16(b)(4).

Counsel submits that Plaintiff has "decreasingly communicated with counsel" since mid-October 2022 by "failing to respond to multiple emails, phone calls, and voicemails from attorneys representing him." ECF No. 13-1 at 3. Plaintiff has ceased responding to counsel, after ignoring numerous requests that he contact Counsel "for purposes of responding to the pleadings, participating in the case and making important decisions, and to discuss litigation strategy and potential settlement." *Id.* Counsel submits that it is unable to represent Plaintiff effectively, and that Plaintiff's failure to respond to counsel have rendered it unreasonably difficult to carry out their representation effectively. *Id.* Counsel notified Plaintiff of their intent to withdraw as counsel on November 18, 2022 prior to filing the instant noticed Motion, and attorney Lonny Osterman provided a signed declaration stating that he would serve copies of the Motion on the Defendant and on Plaintiff. ECF No. 13-2 at 3.

Counsel has made numerous attempts to communicate with Plaintiff by telephone calls, text messages, emails, and letters, including three letters that informed Plaintiff that Counsel would initiate withdrawal proceedings. ECF No. 13-2. Counsel also represents that it would be willing to accept service of papers for forwarding purposes for a reasonable period of time while Plaintiff engages substitute counsel. *Id.* at 3. The Court finds that Counsel took reasonable steps to avoid reasonably foreseeable prejudice to Plaintiff's rights as a client. Counsel's Motion and Declaration comply with the requirements set out by Local Rule 83.3(f)(3). Although granting Counsel's motion would leave Plaintiff unrepresented, there is no requirement that a Court wait for substitute counsel to be retained before granting a motion for attorney withdrawal. *Arco Env't Remediation, L.L.C. v. RDM Multi-Enterprises*, 166 F. App'x 929, 930 (9th Cir. 2006) (holding that there was no abuse of discretion where the district court granted a motion to withdraw leaving a litigant unrepresented). Moreover, there is no right to counsel in a civil case. *Palmer v. Valdez*, 560

F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981)).

### III. CONCLUSION

In accordance with the above, the Court hereby:

1. **GRANTS** the Motion to Withdraw as Attorney of Record for Plaintiff. ECF No. 13. The law firm Lawyers for Employee & Consumer Rights and attorney Lonny Osterman are withdrawn as counsel for Plaintiff.

2. The Clerk of Court is directed to remove the names of Daniel Sorenson and Elan Newman Osterman from the electronic notification system either: (1) 30 days after the date of this Order; or (2) when new counsel for Plaintiff files a notice of appearance, whichever occurs sooner. Counsel Osterman is directed to accept service of papers and forward them to Plaintiff until he is removed from the electronic notification system.

3. Within ten (10) days of the date of this Order, **February 16, 2023**, attorney Lonny Osterman **SHALL SERVE** a copy of this Order on Plaintiff Arturo Navarro and file a certificate of service with the Court. *See* Fed. R. Civ. P. 5.

4. Within thirty (30) days of the date of this Order, **March 8, 2023**, Plaintiff Arturo Navarro may obtain new counsel and have counsel file a notice of appearance. **If no notice of appearance is filed by that date, the Court will deem Plaintiff as proceeding pro se**. "A party proceeding pro se must keep the Court and opposing parties advised as to [their] current address." S.D. Cal. CivLR 83.11(b). "Failure to comply . . . may be ground for dismissal or judgment by default." *Id.* at 83.11(a).

**IT IS SO ORDERED**.

Dated:  February 6, 2023

_____
Honorable Linda Lopez
United States District Judge